And this, especially, if he say, on his *voire dire*, that he does not know that he is interested.

JACKSON, *ex dem.* Hogarth and wife, *against* NELSON.

EJECTMENT, tried at the *Putnam* circuit, *October*, 1824, before WILLIAMS, C. Judge.

At the trial, the following facts appeared : *Joshua Nelson* died in 1817, seized in fee of the premises in question ; and the wife of the lessor of the plaintiff was a grand-daughter of the deceased ; and, as one of his heirs, entitled to one third of the premises in question.

The defendant set up a devise from *Joshua Nelson*, of his land, including the premises in question, to his only son, *Jacob Nelson*, for life ; remainder to the children of the latter, viz. *Cornelius*, (the defendant,) *Samuel C.*, *Jacob*, *Joshua*, and *James M.*, &c. in fee. *Jacob*, their father, died in 1811, leaving his five sons living at his death, and three daughters.

The plaintiff alleged that the ancestor, *Joshua Nelson*, burnt the will in *October*, 1813 ; and the defendant, that at the time of burning, the testator was not of sound mind. And this was the question at the trial.

*Samuel C. Nelson*, one of the devisees, (but who was not in actual possession as such,) was offered as a witness for the defendant ; and though objected to, (being sworn on his *voire dire*, and stating that he did not know that he had any interest,) was admitted by the judge, and sworn.

Verdict for the defendant.

*T. J. Oakley*, for the plaintiff, moved for a new trial. He relied on *Brant* v. *Dyckman*, (1 *John. Cas.* 275,) as decisive against the admissibility of the witness. There, he said, the witness was not allowed to prove himself even in possession. Here the witness was allowed to protect both his interest and possession. The possession of his co-tenant was his.

*W. Nelson*, contra, cited *Van Nuys* v. *Terhune*, (3 *John. Cas.* 82,) that a mere interest in the question, is no objection ; but it must be an interest in the event.

Here the witness was not in possession ; and the verdict could never affect him. It follows that he was competent. (*Jackson* v. *Rumsey*, 3 *John. Cas.* 234. *Jackson* v. *Bard*, 4 *John. Rep.* 230. *Jackson* v. *Van Duzen*, 5 *id.* 144. *Stockham* v. *Jones*, 10 *id.* 21.)

*Curia, per* SUTHERLAND, J. (*after stating the facts.*) In *Brant* v. *Dyckman*, the defendant denied that he was in possession when the action was commenced ; and called one *Vredenbergh*, to prove that he, *Vredenbergh*, at the commencement of the suit, was, and then still continued to be, in possession ; and not the defendant. He was excluded by the judge, and the supreme court held him incompetent. They say, "If he was in possession, he had an immediate interest to protect that possession and prevent a recovery." "Whether this be considered," they continue, "an interest in the *event* of the suit, or in the *question*, between the parties merely, it is one of those cases in which the reason and policy of the law ought to exclude a witness. His interest in the question of possession, is almost the same as that of the defendant himself."

Admitting this decision to be sound, I think the present case is distinguishable from it. The witness was there called to support his own *actual* possession. A verdict against the defendant, would have resulted in a judgment and execution, by which the witness would inevitably have been turned out of possession. But in this case, the possession of the witness is *constructive* merely, not *actual*. The effect of a recovery on the part of the plaintiff cannot be, to turn him out of actual possession ; nor can the verdict be evidence for or against him, in any other suit. It is an interest in the *question* merely, and not in the *event* of the suit. (3 *John. Cas.* 234. 4 *John. Rep.* 232. 5 *id.* 158. 10 *id.* 21.)

Besides, the witness was sworn on his *voire dire*, and testified that he did not reside on the premises in question, and had no interest in them that he knew of. There may have been a partition.

Motion for a new trial denied.